RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0153p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

| | |
|---|---|
| LARRY HIGGINS, W. GLENN PERRY, JUANITA BUCKHALTER CLARKE, SHEILA H. BAKER, RHONDA A. DAY, DAVID NADEAU, and MARTHA MEGREDY,<br>*Plaintiffs-Appellees*,<br><br>*v.*<br><br>BAC HOME LOANS SERVICING, LP, BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A., U.S. BANK, N.A., and WELLS FARGO BANK, N.A. (14-6168); FEDERAL NATIONAL MORTGAGE ASSOCIATION and FEDERAL HOUSING FINANCE AGENCY (14-6167),<br>*Defendants-Appellants*. | Nos. 14-6167/6168 |

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 5:12-cv-00183—Karen K. Caldwell, Chief District Judge.

Argued: April 30, 2015

Decided and Filed: July 16, 2015

Before: MERRITT, BOGGS, and ROGERS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Michael A.F. Johnson, ARNOLD & PORTER LLP, Washington, D.C., for Appellants in 14-6167. Thomas M. Hefferon, GOODWIN PROCTER LLP, Washington, D.C., for Appellants in 14-6168. Carroll M. Redford, III, MILLER, GRIFFIN & MARKS, P.S.C., Lexington, Kentucky, for Appellees. **ON BRIEF:** Michael A.F. Johnson, Howard N. Cayne, Asim Varma, Dirk C. Phillips, ARNOLD & PORTER LLP, Washington, D.C., Jill L. Nicholson, FOLEY & LARDNER LLP, Chicago, Illinois, for Appellants in 14-6167. Thomas M. Hefferon, Joseph F. Yenouskas, GOODWIN PROCTER LLP, Washington, D.C., Richard A. Vance, Bethan A. Breetz, STITES & HARBISON, PLLC, Louisville, Kentucky, Dustin E. Meek, TACHAU MEEK PLC, Louisville, Kentucky, Elizabeth Frohlich, MORGAN LEWIS &

1

BOCKIUS LLP, San Francisco, California, Allyson N. Ho, MORGAN LEWIS & BOCKIUS LLP, Dallas, Texas, for Appellants in 14-6168.  Carroll M. Redford, III, David T. Faugh, Elizabeth C. Woodford, MILLER, GRIFFIN & MARKS, P.S.C., Lexington, Kentucky, J.D. Kermode, ATKINSON, SIMS & KERMODE PLLS, Lexington, Kentucky, for Appellees.

---

## OPINION

---

ROGERS, Circuit Judge.  Kentucky's recording statutes require that an assignment of a mortgage must be recorded within 30 days.  Plaintiffs in this putative class action contend that, for purposes of the recording requirement, a transfer of a promissory note is an assignment of a mortgage securing the note, such that the transfer must be recorded.  The district court below agreed and issued an order to that effect, but certified the order for interlocutory appeal, which we granted.  Notwithstanding the thoughtful opinion of the district court, the text, structure, and purposes of Kentucky's recording statutes indicate that transfer of a promissory note is not, by itself, an assignment of a mortgage securing the note.  Our resolution of that question makes it unnecessary to resolve the companion interlocutory appeal before us regarding whether the applicable enforcement provision of Kentucky's recording statutes imposes a "penalty" of the sort from which defendant Federal National Mortgage Association is immune under federal statute.

These appeals arise in the context of the widespread use of the Mortgage Electronic Registration System ("MERS"), "a privately-held company that operates a national electronic registry to track servicing rights and ownership of mortgage loans in the United States." *Christian Cnty. Clerk ex rel. Kem v. Mortg. Elec. Registration Sys., Inc.*, 515 F. App'x 451, 452 (6th Cir. 2013).  We have previously summarized MERS's operations as follows:

> When a home is purchased, the lender obtains from the borrower a promissory note and a mortgage instrument naming MERS as the mortgagee (as nominee for the lender and its successors and assigns).  In the mortgage, the borrower assigns his right, title, and interest in the property to MERS, and the mortgage instrument is then recorded in the local land records with MERS as the named mortgagee. When the promissory note is sold (and possibly re-sold) in the secondary mortgage market, the MERS database tracks that transfer.  As long as the parties involved in the sale are MERS members [as are most large financial institutions],

> MERS remains the mortgagee of record (thereby avoiding recording and other transfer fees that are otherwise associated with the sale) and continues to act as an agent for the new owner of the promissory note.

*Id.* (quoting *In re MERS Litig.*, 659 F. Supp. 2d 1368, 1370 n.6 (J.P.M.L. 2009)).

Plaintiffs are landowners who obtained loans in exchange for promissory notes secured by mortgages on their Kentucky properties. The mortgages were all duly recorded with the appropriate county records offices. Each mortgage deed designated MERS as the mortgagee, "solely as nominee for Lender and Lender's successors and assigns."

The original noteholders and their assignees—all members of MERS—subsequently transferred the notes to defendants, all of whom are also members of MERS. As the notes changed hands, MERS remained the mortgagee-of-record, in its capacity "as nominee for the [original] Lender and [that] Lender's successors and assigns." In accepting transfer of the notes, however, defendants acquired—by operation of Kentucky law—equitable interests in the mortgages securing the notes. *See id.* at 455. Defendants did not record with county records offices their acquisitions of these equitable interests in the mortgages.

Plaintiffs filed a complaint in federal district court alleging that transfer of the notes was an assignment of the underlying mortgages for purposes of Kentucky's recording statutes. Those statutes mandate, *inter alia*, that, "When a mortgage is assigned to another person, the assignee shall file the assignment for recording with the county clerk within thirty (30) days of the assignment." KRS 382.360(3). The recording statutes also create a private right of action for certain violations of the recording requirement, *see* KRS 382.365(3), and specify that damages for certain violations of the recording requirement "shall not exceed three (3) times the actual damages, plus attorney's fees and court costs, but in no event less than five hundred dollars ($500)," KRS 382.365(5). Because defendants had not timely recorded the mortgage assignments allegedly resulting from the note transfers, plaintiffs claimed defendants owed them $500 per transfer.

Defendants moved to dismiss on the ground that transfer of a promissory note is not an assignment of the corresponding mortgage for purposes of Kentucky's recording statutes, so that defendants did not violate Kentucky's recording statutes by not recording the note transfers. The

district court rejected that argument, holding, consistent with plaintiffs' theory of the case, that: (1) the transfer of a note secured by a mortgage effects an assignment of the underlying mortgage; (2) Kentucky's recording statutes require recording of all mortgage assignments, including those that occur by operation of law; and (3) "where a secured note is assigned by delivering the note to the assignee, the assignment of the mortgage that occurs by operation of law should be recorded as provided in Kentucky's recording statutes." *Higgins, et al. v. BAC Home Loans Servicing, LP*, No. 12-cv-183, 2014 WL 1333069, at *7 (E.D. Ky. Mar. 31, 2014).

In the alternative, defendants argued for dismissal on the ground that plaintiffs lacked a private right of action against them. Defendants contended that KRS 382.360 and KRS 382.365 authorized suit and recovery against lienholders only after satisfaction of the underlying debt. Since plaintiffs had not paid off their mortgages or sought release of the mortgages, defendants insisted that neither KRS 382.360 nor KRS 382.365 afforded plaintiffs a private right of action. The district court rejected that argument as well, holding that plaintiffs had a private right of action under KRS 382.365(3), which provides that "A proceeding may be filed by any owner of real property or any party acquiring an interest in the real property in District Court or Circuit Court against a lienholder that violates [subsection (2), which requires compliance with the recording requirements of KRS 382.360]." Plaintiffs had a cause of action under KRS 382.365(3), the district court reasoned, because they had plausibly alleged that defendants failed to timely record certain assignments, despite having acquired an interest in the mortgages to plaintiffs' properties. *Higgins*, 2014 WL 1333069, at *13.

On the same day that the district court issued its order largely denying defendants' joint motion to dismiss, another federal district court in Kentucky reached the opposite conclusion on a materially indistinguishable motion in an indistinguishable case. *See Ellington v. Fed. Home Loan Mortg. Corp.*, 13 F. Supp. 3d 723, 729–30 (W.D. Ky. 2014). The *Ellington* court held that transfer of an equitable interest in the mortgage—as occurs with a transfer of a promissory note—"is not a mortgage assignment or a recordable event under KRS § 382.360." *Id.* at 729. Under plaintiffs' theory of the case, the *Ellington* court explained, every note transfer would result in an obligation to record, because every note transfer would, in effect, double as a mortgage assignment. The *Ellington* court determined that such a result was inconsistent with the

terms of Kentucky's recording statutes, which treat notes and mortgages as separate legal instruments, address them in separate provisions, and provide that recording of note transfers is optional, rather than mandatory. *Id.* Because "[i]t is a primary rule of statutory construction that the enumeration of particular things excludes the idea of something else not mentioned," the *Ellington* court held that the mortgage assignment statutes on which the suit rested do not require recording of a note transfer or the transfer of any interests in the mortgage incidental to the note transfer. *Id.*

The statutory language on balance supports the analysis in *Ellington*, and the district court in this case should have granted defendants' motion to dismiss. It is true that, under Kentucky law, transfer of a promissory note effects a transfer of an equitable interest in any corresponding mortgage. *See, e.g., Drinkard v. George*, 36 S.W.2d 56, 57 (Ky. 1930). That, however, is not the issue in this case. The issue here is whether KRS 382.360(3) requires recording whenever a party acquires an interest in a mortgage, regardless of whether the party acquires the actual mortgage. The text, structure, and purposes of Kentucky's recording statutes compel the conclusion that recording is not required when a party acquires merely an interest in the mortgage, without acquiring the actual mortgage deed.

> KRS 382.360(3) provides:
>
> When a mortgage is assigned to another person, the assignee shall file the assignment for recording with the county clerk within thirty (30) days of the assignment and the county clerk shall attest the assignment and shall note the assignment in the blank space, or in a marginal entry record, beside a listing of the book and page of the document being assigned.

Although the statute does not make express whether "mortgage" means "the mortgage deed" or simply "an interest in the mortgage," it does mention "filing" and notation "of the document being assigned." This suggests the statute applies with respect to assignments of fileable documents—*i.e.*, mortgage deeds—and not with respect to assignments of intangible interests.

Language from other sections of the recording statutes supports the conclusion that a "mortgage" is an instrument, as opposed to an interest. For example, KRS 382.110(1) provides that "All deeds, mortgages and *other instruments* required by law to be recorded . . . shall be recorded in the county clerk's office" (emphasis added). Similarly, KRS 382.385(7) explains

that the section of which it is a part "shall not prohibit the use of other types of mortgages *or other instruments* given for the purpose of creating a lien on real property permitted by law" (emphasis added). "When the Legislature has used the word in a statute in one sense with one meaning, and when it subsequently uses the same word in legislation respecting the same subject-matter, it will be understood to have used it in the same sense, unless there is something in the context or nature of the case to indicate that it is intended a different meaning thereby." *Bd. of Councilmen of City of Frankfort v. Commonwealth*, 94 S.W. 648, 649 (Ky. 1906) (citing *In re Cnty. Seat of Linn Cnty.*, 15 Kan. 500, 527 (Kan. 1875)). Thus, the language from KRS 382.110(1) and KRS 382.385(7) suggests that, throughout the recording statutes, "mortgages" refers to one class of "instruments," and not to a mere interest in an instrument.

Adopting plaintiffs' interpretation of the recording statutes would also render the statutory scheme somewhat incoherent. Plaintiffs concede that their interpretation would mandate recording of note assignments. But Kentucky's recording statutes pointedly distinguish between mortgage assignments—which must be recorded, *see* KRS 382.360(3)—and note transfers—for which recording is optional, *see* KRS 382.290(2). If every note transfer operated as a mortgage assignment, and every mortgage assignment must be recorded, then every note transfer would have to be recorded, albeit as a mortgage assignment. It would be strange for Kentucky's legislature to require recording of note transfers as mortgage assignments while elsewhere in the same statutes providing that note transfers need not be recorded. Kentucky's distinct treatment of notes and mortgages for recording purposes was laid out compellingly in *Ellington*:

> Kentucky's statutes address the recording of notes and mortgages in separate provisions. [*Christian Cnty. Clerk*, 515 F. App'x at 455]. KRS § 382.290(2) provides that the recording of a note assignment is not required. Specifically, KRS § 382.290(2) provides "[w]hen any note named in any deed or mortgage is assigned to any other person, the assignor may . . . note such assignment in the blank space, or in a marginal entry record [in the county clerk's office]." In contrast, KRS § 382.360(3) and KRS 382.365(2) require the recording of mortgage assignments. KRS § 382.360(3) provides that "[w]hen a *mortgage* is assigned to another person, the assignee shall file the assignment for recording with the county clerk within thirty (30) days of the assignment[.]" Similarly, KRS § 382.365(2) provides that "[a]n assignee of a *lien* on real property shall record the assignment in the county clerk's office as required by KRS 382.360[.]" "Failure of an assignee to record a *mortgage assignment* shall

> not affect the validity or perfection, or invalidity or lack of perfection, of a *mortgage lien* under applicable law." *Id.* Neither KRS § 382.360(3) nor KRS § 382.365(2) mentions the recording of promissory notes which are secured by the mortgages. Thus, the Court does not interpret the statutes to require the recording of an assignment of a promissory note. "It is a primary rule of statutory construction that the enumeration of particular things excludes the idea of something else not mentioned." *Smith v. Wedding,* 303 S.W.2d 322, 323 (Ky. 1957).
>
> Furthermore, throughout KRS Chapter 382, the General Assembly deliberately utilized the terms "note" and "mortgage" in multiple provisions recognizing that a promissory note and mortgage deed are separate legal instruments. Significantly, when the General Assembly amended §§ 382.360(3) and 382.365(2) in 2006, it required the recording of a mortgage assignment with the county clerk's office, not the recording of a promissory note with the county clerk's office. As discussed above, KRS § 382.290(2) instructs on the method of recording promissory notes emphasizing the permissive nature of the recording. The terms "note" and "mortgage" are separate and distinct terms, and they have separate and distinct meanings. For the Court to "infuse the second [word] with the meaning . . . for the first would obliterate the distinction between the two terms and make one or the other redundant." *United States v. 0.376 Acres of Land,* 838 F.2d 819, 825 (6th Cir. 1988). If the General Assembly had intended to require the recording of promissory note assignments under KRS § 382.360 and KRS § 382.365, it could have expressly done so. It did not. Thus, from a plain reading of the KRS § 382.290, § 382.360(3), and § 382.365(2), only mortgage assignments are required to be recorded pursuant to KRS § 382.360, not promissory note assignments.

*Ellington*, 13 F. Supp. 3d at 728–29.

Plaintiffs argue that portions of the legislative history of KRS 382.360(3) and KRS 382.365(3) support their proffered interpretation of those provisions. That legislative history was accurately summarized in *Ellington*:

> In 2006, KRS § 362.360 and KRS § 382.365 were amended to ensure timely release of liens. Specifically, in explaining the reasons for the amendments, the chairman of the Kentucky Senate Banking Committee explained that "people were getting fast refinancing, and there was not a good record kept, you couldn't find out who had the last mortgage. You thought you were sending the payoff, but they had already been paid off, and there was another company holding" the debt. (Ky. Sen. Banking & Ins. Cmte. Hearing, Jan. 26, 2006.) According to Senator Tom Buford, this situation created difficulty for refinancing homeowners "in trying to determine who is the last holder of the lien." (Ky. Sen. Chambers, Feb. 8, 2006.) When the last holder of a lien could not be determined, "payoffs get delayed and some cannot be made at all, which is unfair to the consumer."

> (*Id.*)  The Kentucky General Assembly sought "an expedited way to have these releases taken care of in a court" and, thus, amended KRS § 382.360 and KRS § 382.365 in 2006 to provide that an assignee shall file a mortgage assignment with the county clerk within 30 days of the assignment. (Ky. Sen. Chambers, April 10, 2006.)  KRS § 382.365 likewise noted that "[a] proceeding filed under this section shall be given precedence over other matters pending before the court."  In other words, the Kentucky General Assembly viewed these amendments as an expedited way to ensure that "when a mortgage is not released, the borrower knows who to go to to get it released." (Ky. Sen. Banking & Ins. Cmte. Hearing Jan. 26, 2006).

*Id.* at 727.  This legislative history is consistent with distinguishing between notes and mortgages for purposes of the Kentucky requirement that mortgage assignments be recorded.

> [T]he MERS system aids in the ability to determine the lienholder and advances the aim of the legislative attempt to ensure the timely release of liens.  Once a loan held by a MERS member is registered in the MERS database, MERS serves as the nominal mortgagee for the lender and any successors and assigns.  When the security instrument is recorded, the local land records list MERS as the mortgagee.  Thus, when members transfer an interest in a promissory note to another MERS member, MERS privately tracks the assignment within its system, but remains mortgagee of record.  Thus, the "borrower knows who to go to to get it released." (Ky. Sen. Banking & Ins. Cmte Hearing, Jan. 26, 2006.)

*Id.* at 729–30.

In sum, KRS 382.360(3) applies to those instances in which a transferee fails to record a transfer of a mortgage deed.  It does not require recording of transfers of promissory notes.  Because it is undisputed that defendants transferred only promissory notes and did not fail to record any transfers of mortgage deeds, defendants did not violate KRS 382.360(3) and the district court should have dismissed plaintiffs' action on that basis.

It is not necessary for us to resolve whether plaintiffs would have a cause of action had we ruled differently, or whether the $500 minimum damages provision in KRS 382.365(5) applies where there is no "fail[ure] to release a satisfied real estate lien."  We address neither issue.

The issue in the companion interlocutory appeal granted in this case also does not need to be resolved.  The district court below denied a motion by defendant Federal National Mortgage Association and its conservator, the Federal Housing Finance Agency (FHFA), to dismiss

plaintiffs' statutory damage claims on federal statutory grounds. A so-called penalty bar provides that "[t]he [FHFA] shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay any real property, personal property, probate, or recording tax or any recording or filing fees when due." 12 U.S.C. § 4617(j)(4). The district court held that the state damages provision under which plaintiffs sought $500 per unrecorded note transfer was not a penalty or fine for purposes of the penalty bar, but certified that issue for interlocutory appeal, which we granted. In light of our ruling on the merits of the claim against all of the defendants, however, the penalty bar issue no longer presents "a controlling question of law" the resolution of which "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Seen with the benefit of hindsight, the order resolving this issue does not meet the requirements of § 1292(b), and we therefore withdraw our discretionary grant of interlocutory appeal.

For the foregoing reasons, we reverse the order appealed from in No. 14-6168, and dismiss the interlocutory appeal in No. 14-6167.